**UNITED STATES of America**

v.

**John B. STEWART, Defendant**

**No. CR. 01–062–P–C.**

United States District Court, D. Maine.

March 15, 2002.

Jonathan R. Chapman, Evan Roth, Esq., Office of the U.S. Attorney, Portland, ME, for Plaintiff.

Bruce M. Merrill, Esq., Portland, Philip S. Cohen, Esq., Waldoboro, ME, for Defendant.

## MEMORANDUM AND ORDER DENYING DEFENSE COUNSEL'S MOTION FOR RECONSIDERATION

GENE CARTER, District Judge.

On January 18, 2002, this Court entered its Memorandum of Decision and Order (Docket No. 24) denying the motion of Defense Counsel to withdraw as counsel in this case (Docket No. 20). Now before the Court is Defense Counsel's Motion for Reconsideration of the prior decision and Order (Docket No. 29) with an Affidavit of Defense Counsel in support thereof (Docket No. 30). The Government takes no position on the present motion (Docket No. 31).

As grounds for reconsideration, Defense Counsel puts forth in the Affidavit, and without argument, the following assertions of fact: [1]

(1) That Defendant "is no longer willing to follow the sound advice of counsel." Affidavit ¶ 3 at 1;

(2) That the Court's decision on the original Motion to Withdraw and a prior Motion to Suppress evidence (Docket Nos. 9 and 26) has resulted in a breakdown in the attorney/client relationship in that . . . [Defendant] is no longer willing to follow the advice of counsel. . . . *Id.;*

(3) That the Court's decision on the Motion to Withdraw suggests "that counsel has not given 'value' for the retainer he paid to counsel . . . ." *Id.* ¶ 3 at 1–2;

(4) That the Court in its prior decision made an "*ad hominum* and unfound-

---

1. The motion is not in compliance with Local Rule 7(a), which requires that "[e]very motion shall incorporate a memorandum of law, including citations and supporting authorities."

ed attack on counsel." *Id.* ¶ 5 at 2–3.

The Motion to Reconsider is the clear result of, *inter alia,* a misunderstanding by counsel, and possibly by Defendant, of the analytical posture of the Motion to Withdraw and the Court's rationale in deciding it. Counsel posed by the Motion to Withdraw a single issue: whether he should be permitted to withdraw as retained counsel, *in medias res,* because he had not been paid by Defendant the second half of his agreed-upon retainer. This is a purely economic issue and does not bear in any way upon the competence or effectiveness of counsel.

In the absence of any clearly articulated and accepted standard in the precedents for resolution of such an issue, the Court formulated its own standard: whether it would be unfair to Defense Counsel to require him to proceed with the representation in light of what he had been paid and the economic value of his efforts to that point, taking into account, to the extent predictable, the work remaining to be done. In that effort, the Court resorted to somewhat standard methods in valuing Counsel's performance in other contexts. *See, generally, Weinberger v. Great Northern Nekoosa Corp.,* 801 F.Supp. 804 (D.Me.1992) (*Dicta*), *BTZ, Inc. v. Great Northern Nekoosa Corp.,* 47 F.3d 463 (1st Cir.1995); *Okot ex rel. Carlo v. Conicelli,* 180 F.Supp.2d 238 (D.Me.2002).

The record before the Court consisted only of the pleadings and papers filed with the Court by counsel to that point in the case and Defense Counsel's representation at oral argument on the motion that he had been paid twenty-five thousand dollars ($25,000.00), as one-half of his total, agreed-upon, retainer. Defense Counsel *made no other record* on the motion reflecting on the economic value of his services to that point in the case. Accordingly, the Court reviewed meticulously the papers filed in an effort to assess the time and effort reasonably necessary to prepare and pursue them and to appraise the value of the total effort. It was, admittedly, a spare record, but it was all that Defense Counsel had given to the Court to act upon. The Court's decision was that, as a matter of *economic* assessment, Defense Counsel had not exhausted the value of that portion of the retainer he had already received.

The Court spoke in its Memorandum of Decision solely in terms of the time commitment it found to be reasonably reflected by the papers and the economic worth of the effort reasonably required for counsel of the usual level of experience and efficiency to produce them. It did not state, imply, or believe that such a purely economic assessment reflected any inadequacy *in effectiveness* in Defense Counsel's representation of Defendant. That issue was not presented by the Motion to Withdraw, and the Court never at any time addressed it.

The Court decided the Motion to Suppress unfavorably to Defendant's interests. The Court appreciates that the decision may have been disappointing to both Defendant and Counsel, but, at least, Counsel should understand that a complex legal decision, supported by an written opinion, on an issue artfully presented and forcibly argued that is lost in the trial court does not imply any criticism of the professionalism of Counsel. Counsel can even be, perhaps, expected to explain that to the client and to advise as to the availability of appellate review to redress any defects Counsel finds in the Court's decision.

Defense Counsel bridles at the Court's use of the word "cursory" in describing some of his papers, Affidavit ¶ 4C at 2, and to the Court's observation of the number of filings reflected by the Court's file. *Id.*

¶ 4A at 2. If one views the decision as what it is, a purely *economic* analysis of the work, that term and the observation are factually based in the record and do not express or imply to a reasonably objective observer that they are in any way reflective of any indication of inadequacy or ineffectiveness in the legal representation that produced them. Oftentimes, defenses asserted for exploration do not warrant in-depth treatment, the issues do not require exhaustive pursuit, and "cursory" treatment is good enough. The Court knows that as well as does Defense Counsel. Nonetheless, where that is the level of the treatment that is extended, it is what it is. To describe the papers as what they are facially, for purposes of assessing the value of the effort reasonably required to produce them, should not be taken as cause for offense by counsel or of grievance by his client.

Defense Counsel accuses the Court of an *ad hominum* attack upon him. The Court will take this as an ill-considered judgment, made in the heat of overzealous advocacy. Defense Counsel is recognized by this Court to be one of the most active members of the criminal defense bar of the Court and a civil litigator of considerable accomplishment. He has demonstrated in his previous appearances before this Court a proper professionalism in his conduct, intelligence and understanding in his presentations of legal issues and arguments, and a meritorious zeal and sound judgment in his advocacy. There has never been any question in this Court's mind as to his effectiveness in representing clients or as to his professional responsibility. There is simply no basis for him to reasonably believe that the Court's straightforward analysis of the only issue he presented, on a spare record, to the Court for decision by the Motion to Withdraw is indicative of any animus or ill-will of the Court toward him. Even fully effective counsel must occasionally harden his heart to accept with good grace the fact that his best, and often fully sufficient, efforts have not prevailed.

 Finally, Defense Counsel is not entitled to withdraw from his undertaking to represent a defendant simply because his client refuses to take his advice. The Court knows that it need not point out that, especially in a criminal case, a client always has the right to make the fateful decisions as to strategy, tactics, and trial. Counsel must advise of the perils of a chosen path, but he may not *require* a client, over objection, *to submit* to counsel's *will*. It is counsel's duty to zealously represent, as this Defense Counsel well knows, a client acting even in disregard of counsel's strongly rendered advice, barring, possibly, an effort by the client to require counsel to perform acts that are illegal or unethical, and such does not appear to be the case here. Defendant, himself, as noted in the original decision on the Motion to Withdraw, has never indicated to the Court any discontent with Defense Counsel's performance.

Defendant's intransigence is not a cause for withdrawal.

The Motion for Reconsideration is hereby **DENIED**.

So **ORDERED**.